**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**HAMMOND DIVISION**

LIGHTNING ONE, INC;

          Plaintiff,

v.

NICHOLAS P. HARMON;

          Defendant.

Case No.: 2:18-cv-193

**JURY TRIAL DEMANDED**

## COMPLAINT

Lightning One, Inc. ("Plaintiff") brings this Complaint for trademark infringement and unfair competition against Defendant, Nicholas P. Harmon ("Defendant".)

### THE PARTIES

1.      Lightning One, Inc. is a California Corporation with its principal place of business in Sherman Oaks, California.

2.      Upon information and belief, Nicholas P. Harmon is an individual residing in Lake Station, Indiana.

### JURISDICTION AND VENUE

3.      This action arises under the trademark and unfair competition laws of the United States and is brought pursuant to Sections 32 and 43(a) of the Lanham Act, 15 U.S.C. §§ 1114 and 1125(a) and common law.

4.      This Court has jurisdiction over the subject matter of this case pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338 (a) and (b).

5.      This Court has supplemental jurisdiction over the claims in this Complaint that arise under state common law pursuant to 28 U.S.C. § 1367(a) because these state law claims are

so related to Plaintiff's claims under federal law that they form part of the same case or controversy and derive from a common nucleus of operative facts.

6.      This Court has personal jurisdiction over Defendant because Defendant resides within the boundaries of the Northern District of Indiana. Further, the Defendant has caused harm and committed the unlawful acts hereinafter complained of in the Northern District of Indiana.

7.      Venue is proper in this district pursuant to 28 U.S.C. § 1391(b).

**ALLEGATIONS COMMON TO ALL COUNTS**

*The Business and Trademarks of Plaintiff*

8.      Plaintiff Lightning One, is the sole owner of the intellectual property and goodwill attributed to the National Wrestling Alliance ("NWA") brand.

9.      The NWA is a promotional and sanctioning body that licenses promoters and promotions around the world to conduct NWA professional wrestling events.

10.     The NWA is well-known for its role in determining the NWA World's Heavyweight Champion.  In its 70 years of existence, NWA has granted the NWA World's Heavyweight Champion title to 93 individuals, including a list of some of the most revered professional wrestlers of all time.

11.     Lightning One, in part through its predecessors in interest, has used the NWA,



NATIONAL   WRESTLING   ALLIANCE,   and                                                   logo

trademarks in interstate commerce in connection with the NWA entertainment and wrestling services since at least as early as 1948.

12.     The Plaintiff has invested substantial resources developing, advertising, promoting and marketing the services under the NWA, NATIONAL WRESTING ALLIANCE,



and                                                     marks throughout the United States and as a result is established in the minds of consumers as the exclusive source of these high quality services.  As a result, and in addition to its registered rights described below, the Plaintiff enjoy robust common law trademark rights in and to the NWA, NATIONAL WRESTLING ALLIANCE , NWA NATIONAL WRESTLING ALLIANCE LOGO trademarks and their variations, embodying valuable goodwill.

13.     In addition to strong common law trademark rights, Plaintiff owns federal trademark registrations for the variations of the NATIONAL WRESTLING ALLIANCE trademark as identified below (collectively, "NWA Registered Marks"):

| Mark | Goods/Services | Reg. No./Serial No. | Reg. Date (If applicable) |
|---|---|---|---|
| NATIONAL WRESTLING ALLIANCE | Class 41: Entertainment services, namely, arranging and conducting of competitions for sporting events. | 4375013 | July 30, 2013 |
| NATIONAL WRESTLING ALLIANCE | Class 25: Athletic apparel, namely, shirts, pants, jackets, footwear, hats and caps, athletic uniforms; Bottoms; Jackets; Shirts; | 4349360 | June 11, 2013 |
|  | Class 41: Entertainment services, namely, organizing and conducting sports competitions and sporting events. | 5418415 | March 6, 2018 |

3

Copies of the registration information for the above trademarks are attached to the Complaint at **Exhibit A**.

14.     The trademarks referred to in paragraphs 11-13 will be collectively referred to as the "NWA Marks". The goods and services referred to in paragraphs 11-13 will be collectively referred to as the "NWA Goods and Services".

15.     Through the extensive, continuous use and promotion of the NWA Marks, the NWA Marks have become associated with Plaintiff and the NWA Goods and Services.

16.     The NWA Marks and the goodwill associated therewith are of significant value to Plaintiff.

*Defendant's Infringing Acts*

17.     In late April 2018, Plaintiff became aware that Defendant was posting videos and other content via social media platforms claiming to be "The Real NWA World's Heavyweight Champion" and "The People's NWA World's Heavyweight Champion" (collectively, the "Infringing Content").

18.     Defendant has also adopted a logo to promote his own services, including wrestling events and his personal training services, that is intended to be confusingly similar to



the registered NWA logo:                              . See **Exhibit B**.

19.     Upon learning of Defendant's unauthorized use of the NWA Marks, a representative for Plaintiff reached out to Defendant to demand that Defendant cease use of the NWA Marks.

20.     Rather than ceasing use of the NWA Marks, Defendant posted the correspondence between Plaintiff's representative and himself across various social media channels and continued to create content promoting himself, his personal training services, and using the NWA Marks.

21.     On April 27, 2018, counsel for Plaintiff sent a letter to Defendant outlining his infringing actions and reiterating Plaintiff' demands that Defendant cease infringing use of the NWA Marks and remove the Infringing Content.  See **Exhibit C**.

22.     Rather than complying with the demands of counsel's letter, Defendant created and posted a video reading counsel's letter.

23.     As of the date of the filing of this Complaint, Defendant has removed only a portion of the Infringing Content and continues to post new Infringing Content.

24.     On May 9, 2018 Defendant made a Facebook post stating his intent to sell t-shirts using the mark N.W.A. The post claims to be "showing love" for Defendant's favorite rap group of the same initials.  However, given the background as outlined above, Defendant is attempting to continue commercially trading off the goodwill of the NWA Marks. **See Exhibit D.**

25.     Defendant's continued unauthorized use of the NWA Marks is a clear and willful attempt to trade on Plaintiff's rights to the NWA Marks and the goodwill symbolized thereby.

26.     Defendant's self-promotion, advertising, and marketing materials infringe upon the NWA Marks and suggest a false connection or association with Plaintiff, all for Defendant's own commercial gain.

27.     Defendant does not have the authorization or consent of Plaintiff to use the NWA Marks in any capacity.

28. Defendant's continued use of the NWA Marks is likely to cause confusion, mistake, and/or to deceive consumers as to the affiliation, connection, and association of Defendant with Plaintiff, and as to the origin, sponsorship, and approval of Defendant's personal training services and other services and actions, and commercial activities by Plaintiff.

**COUNT I**
**INFRINGEMENT OF A FEDERALLY REGISTERED TRADEMARK**
**(LANHAM ACT, 15 U.S.C. § 1114(1))**

29. Plaintiff realleges and incorporates by reference the allegations of paragraphs 1 through 28 as if fully set forth in this paragraph.

30. Defendant's use of the NWA Registered Marks in connection with his own commercial activities, personal training services, promotion, and marketing is likely to confuse, mislead, or deceive consumers and the relevant public as to the origin, source, sponsorship, or affiliation of said individual or services with the Plaintiff, and is intended and is likely to cause such parties to believe in error that the Defendant and Defendant's activities have been authorized, sponsored, approved, endorsed, or licensed by Plaintiff, or that the Defendant is in some way related to or affiliated with Plaintiff.

31. Defendant's activities, as described herein, constitute infringement of the NWA Registered Marks in violation of the Lanham Act, including, but not limited to, 15 U.S.C. § 1114.

32. Defendant's use of NWA Registered Marks has been and continues to be willful, deliberate, unfair, false, deceptive, and is intended to trade upon the goodwill and reputation appurtenant to the NWA Registered Marks.

33.     As a direct and proximate result of Defendant's deliberate and willful infringement of the NWA Registered Marks, Plaintiff has suffered and will continue to suffer irreparable harm to its business, reputation, and goodwill.

34.     Defendant's acts have damaged and will continue to damage Plaintiff.

35.     As a result of these wrongful acts, Plaintiff is entitled to injunctive relief prohibiting Defendant from using the NWA Registered Marks or any variation thereof, or any marks confusingly similar to the NWA Registered Marks, in accordance with 15 U.S.C. § 1116, and to recover all damages that Plaintiff has sustained and will sustain, and all gains, profits, and advantages obtained by Defendant as a result of his infringing acts in an amount not yet known, as well as the costs of this action, pursuant to 15 U.S.C. § 1117(a).

36.     This is an exceptional case justifying the award of attorneys' fees under Section 1117(a).

**COUNT II**
**FEDERAL UNFAIR COMPETITION**
**AND FALSE DESIGNATION OF ORIGIN**
**(LANHAM ACT, 15 U.S.C. § 1125(A))**

37.     Plaintiff realleges and incorporates by reference the allegations of paragraphs 1 through 36 as if fully set forth in this paragraph.

38.     Defendant's conduct complained of herein constitutes federal unfair competition, false designation of origin, and false advertising pursuant to 15 U.S.C. § 1125(a).

39.     Defendant's intentional and unlawful use in commerce of the NWA Marks is likely to cause confusion, mistake, or deception as to origin, sponsorship, or approval of Defendant, Defendant's Infringing Content, and Defendant's services by Plaintiff and therefore constitutes unfair competition, false designation of origin and false advertising, in violation of 15 U.S.C. § 1125(a).

7

40.     As a direct and proximate result of Defendant's deliberate and willful infringement of the NWA Marks, Plaintiff has suffered and will continue to suffer irreparable harm to its business, reputation, and goodwill.

41.     Defendant's acts have damaged and will continue to damage Plaintiff.

42.     As a result of these wrongful acts, Plaintiff is entitled to injunctive relief prohibiting the Defendant from using the NWA Marks or any other marks confusingly similar to the NWA Marks, in accordance with 15 U.S.C. § 1116, and to recover all damages that Plaintiff has sustained and will sustain, and all gains, profits, and advantages obtained by Defendant as a result of his infringing acts in an amount not yet known, as well as the costs of this action, pursuant to 15 U.S.C. § 1117(a).

43.     This is an exceptional case justifying the award of attorneys' fees under Section 1117(a).

**COUNT III**
**COMMON LAW UNFAIR COMPETITION**
**AND TRADEMARK INFRINGEMENT**

44.     Plaintiff realleges and incorporate paragraphs 1 through 43, as if fully set forth in this paragraph.

45.     Plaintiff is the owner and authorized user of the NWA Marks, with the right to enforce the NWA Marks.  Defendant is not authorized to use the NWA Marks or any variation thereof, or any mark confusingly similar to the NWA Marks.

46.     The NWA Marks are inherently distinctive.

47.     Defendant has created, promoted, and advertised the Infringing Content using the NWA Marks in violation of and with knowledge of Plaintiff's rights to the NWA Marks for the purpose of trading upon Plaintiff's goodwill and reputation.

48.     Defendant's use of the NWA Marks constitutes a willful and intentional infringement of Plaintiff's common law trademark rights in the NWA Marks and is likely to cause confusion, mistake, and deception as to source, affiliation, or sponsorship with Plaintiff.

49.     Plaintiff has been harmed by Defendant's wrongful acts.

50.     Plaintiff is entitled to injunctive relief, recovery of Defendants' profits, actual damages, treble profits and damages, costs, and reasonable attorneys' fees.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests the Court to award the following relief:

1. The issuance of a permanent injunction enjoining and restraining Defendant, his associates, agents, servants, employees, officers, members, directors, representatives, successors, assigns, attorneys and all persons in active concert or participation with it who learn of the injunction through personal service or otherwise:

   a. from using the NWA Marks or any marks confusingly similar to the NWA Marks, including but not limited to, as part of an advertisement or promotion, or with the marketing and sale of any product or service without the authorization of NWA;

   b. from claiming, representing, suggesting, or implying that Defendant or Defendant's actions are in any way sponsored by or associated with Plaintiff;

   c. from representing by words or conduct that Defendant is authorized, sponsored, endorsed, or otherwise connected with Plaintiff;

   d. from engaging in any other conduct which causes, or is likely to cause, confusion, mistake, deception, or misunderstanding as to the source, affiliation, connection or association of Defendant with Plaintiff.

9

2. An accounting and judgment against Defendant and all others acting in concert with Defendant, for (a) all profits received by Defendant in association with the infringement of the NWA Marks; (b) damages sustained by Plaintiff on account of Defendant's trademark infringement, unfair competition, and false designation of origin; (c) treble damages, where appropriate; and (d) punitive damages to deter such actions in the future.

3. An enhancement of damages to a sum not exceeding three (3) times the profits earned by Defendant as a result of his willful and improper use of NWA Marks.

4. Pursuant to 15 U.S.C. § 1118, the destruction of all business cards, invoices, forms, advertisements, packaging, catalogs, promotional materials or any other materials bearing the NWA Marks, and the modification of all websites, domain names, social media handles, URLs, and other digital or online properties owned or controlled by Defendant to delete use of the NWA Marks or any references to the NWA Marks.

5. Plaintiff's costs of this suit, including reasonable attorneys' fees and expenses, with interest pursuant to 15 U.S.C. § 1117.

6. All other just and proper relief.

Respectfully submitted,

**BARNES & THORNBURG LLP**

*/s/ Michael V. Knight*

Michael V. Knight (#22066-45)
Caitlin R. Byczko (#31905-49)
BARNES & THORNBURG LLP
700 1st Source Bank Center
100 North Michigan
South Bend, IN 46601-1632

Attorneys for Plaintiff